46 F.3d 1126
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Ursula PATESTAS; Antonios Patestas, Debtors.
Ursula PATESTAS; Antonios Patestas, Plaintiffs-Appellants,
v.
DUNKIN' DONUTS OF MARYLAND, INCORPORATED, Defendant-Appellee,
andA
United States Trustee; Ellen W. Cosby, Trustee; Robert D.
Harwick, Jr., Trustee, Parties in Interest.
 No. 93-1639.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 23, 1994.
Decided Jan. 12, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-93-564-S, CA-93-565-S, CA-93-566-S, CA-93-567-S, CA-93-568-S, CA-93-569-S, CA-93-570-S, CA-93-571-S, CA-93-572-S, BK-92-55035)
 Michael I. Gilbert, Baltimore, MD, for Appellants. Thomas D. Kohn, Goldman, Kohn & Dembert, P.A., Baltimore, MD, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Antonios and Ursula Patestas (the "Debtors") appeal from the district court's order affirming the bankruptcy court's orders granting the motions filed by Dunkin' Donuts of Maryland, Inc., and Dunkin' Donuts, Inc., to lift the automatic stay to allow Dunkin' Donuts to proceed in its actions against the Debtors with respect to lease and franchise agreements.[1] The Debtors also appeal from the denial of their motions for new trial in the bankruptcy court. We affirm.
 
 
 2
 The Debtors operated a Dunkin' Donuts franchise in Ellicott City, Maryland, from August 1989 until November 1991, when Dunkin' Donuts terminated the lease and franchise agreements due to the Debtors' failure to pay certain fees owed pursuant to the agreements. However, the Debtors continued to operate the business under the name Dunkin' Donuts, prompting the latter to institute a trademark infringement suit in January 1992, in which Dunkin' Donuts sought a preliminary injunction to prevent the use of its name in the Debtors' business. Dunkin' Donuts subsequently filed a separate suit in fraud against the Debtors for allegedly intentionally underreporting gross sales. Both actions were stayed pursuant to 11 U.S.C. Sec. 362(a)(1) (1988), when the Debtors filed separate petitions in bankruptcy in July 1992.[2]
 
 
 3
 Dunkin' Donuts filed motions in the bankruptcy court to lift the automatic stay to allow them to proceed against the Debtors in the two actions pending in district court. After a hearing, the bankruptcy court granted each motion by separate order. The Debtors then filed motions for new trials on the basis of newly discovered evidence. Specifically, the Debtors provided an itemized listing of checks which they claimed proved that they did not owe the amounts claimed by Dunkin' Donuts. The list showed only check numbers, dates, and amounts, annotated with either "Adv. Fee" or "F.Fee" next to each item. The bankruptcy court denied the motions.
 
 
 4
 The district court affirmed the bankruptcy court's orders, finding that the bankruptcy judge acted within his discretion in allowing Dunkin' Donuts to proceed with its actions. As to the bankruptcy court's denial of the Debtors' motions for new trial, the district court found that their failure to exercise due diligence and prepare for trial in a timely fashion justified the bankruptcy court's refusal to reopen the proceedings. In any event, the district court noted that the material in question, while perhaps relevant on the issue of termination of the franchise, would not have affected the outcome of the trial. The Patestases noted a timely appeal from the district court's order.
 
 
 5
 A creditor seeking relief from the automatic stay provisions in Sec. 362 may obtain an order from the bankruptcy court allowing it to proceed against property if "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. Sec. 362(d)(2). The Supreme Court has construed the second requirement as "a reasonable possibility of successful reorganization within a reasonable time." United Savs. Ass'n v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 376 (1988). The Bankruptcy Code further provides that, in any hearing under Sec. 362(d), "(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. Sec. 362(g).
 
 
 6
 Our review of the record reveals that Dunkin' Donuts satisfied its burden of proving that the Debtors had no equity in the property at issue, and that the Debtors failed to prove that there was a reasonable possibility of a successful reorganization within a reasonable time. Further, we find that the bankruptcy court properly denied the Debtors' motions for new trial pursuant to Bankr.R. 9023 (adopting Fed.R.Civ.P. 59).
 
 
 7
 Therefore, we affirm the district court's order affirming the decisions of the bankruptcy court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 AFFIRMED
 
 
 [1]
 Dunkin' Donuts of Maryland, Inc., and Dunkin' Donuts, Inc., will be referred to collectively as Dunkin' Donuts
 
 
 [2]
 Antonios Patestas filed for relief under Chapter 11 of the Bankruptcy Code on July 7, 1992. Ursula Patestas (Antonios' daughter and business partner) filed for relief under Chapter 13 the next day